UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | | |
|---|---|---|---|
| Enrique Garcia Burgos, | ) | Crim. No.: | 4:16-cr-00579-RBH-2 |
| | ) | Civ. No.: | 4:18-cv-02806-RBH |
| Petitioner, | ) | | |
| | ) | | |
| v. | ) | **ORDER** | |
| | ) | | |
| United States of America, | ) | | |
| | ) | | |
| Respondent. | ) | | |

This matter is before the Court on Petitioner Enrique Garcia Burgos's *pro se* Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255 ("§ 2255 motion"). ECF No. 308. The Government has filed a Motion to Dismiss/Motion for Summary Judgment. ECF No. 324. The Court denies Petitioner's § 2255 motion and grants the Government's motion for the reasons herein.[1]

**Background**

On June 27, 2016, a criminal complaint was filed charging Petitioner and co-defendant Asuncion Arguello ("Arguello") with possession with intent to distribute a quantity of cocaine and a quantity of heroin in violation of 21 U.S.C. § 841(a)(1), and conspiracy to possess with intent to distribute a quantity of cocaine and a quantity of heroin in violation of 21 U.S.C. § 846. ECF No 1. On July 7, 2016, attorney Rose Mary Parham ("plea counsel") entered a notice of appearance as Petitioner's attorney. ECF No. 25. Plea counsel represented Petitioner through his guilty plea and sentencing.

On October 16, 2018, a federal grand jury indicted Petitioner, Arguello, and three co-defendants

---

[1] An evidentiary hearing is unnecessary because "the motion and the files and records of the case conclusively show that [Petitioner] is entitled to no relief." 28 U.S.C. § 2255(b); *see United States v. Thomas*, 627 F.3d 534, 539-40 (4th Cir. 2010).

1

in a five-count superseding indictment. ECF No. 161. Count one charged Petitioner with conspiracy to possess with intent to distribute and to distribute a quantity of heroin and a quantity of cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)©, and 846. *Id*. Count four charged Petitioner with possession with intent to distribute a quantity of heroin and a quantity of cocaine in violation of 21 U.S.C. §§ 841(a)(1), and 841(b)(1)©. *Id.* Count five charged Petitioner with knowingly using and carrying firearms during and in relation to, and possessing firearms in furtherance of, a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). *Id.*

On July 25, 2017, Petitioner entered into a written plea agreement under which he agreed to plead guilty to count one of the superseding indictment. ECF No. 233 ¶ 1. In return for Petitioner's guilty plea, the government agreed to dismiss the remaining counts. *Id.* ¶ 3. Petitioner and the Government also entered a non-binding stipulation providing that Petitioner should be held accountable for a marijuana equivalency drug weight of at least 1,000 kilograms but less than 3,000 kilograms of marijuana, which resulted in a base offense level of 30. *Id.* ¶ 6. The same day, Petitioner pled guilty pursuant to the written plea agreement to count one of the superseding indictment. ECF Nos. 233, 234, & 235.

The United States Probation Office prepared a presentence investigation report ("PSR") dated September 20, 2017. The PSR found Petitioner's advisory guidelines sentence range was 97 to 121 months, based on a criminal history category of II and a total offense level of 29.

On November 15, 2017, the Court held a sentencing hearing for Petitioner. ECF No. 266. The Court adopted the PSR, and granted Defendant's motion for variance. The Court sentenced Petitioner to 85 months imprisonment followed by three years of supervised release. ECF No. 270. Judgment was entered November 20, 2017. *Id.* Petitioner did not appeal.

On September 27, 2018,[2] Petitioner filed the instant § 2255 motion. ECF No. 308. On October 25, 2018, plea counsel filed an affidavit addressing her representation of Petitioner. ECF No. 315. Thereafter, the Government filed a motion to dismiss/motion for summary judgment, ECF No. 324, and Petitioner filed a response in opposition to the Government's motion, ECF No. 327.

**Legal Standard**

Prisoners in federal custody may attack the validity of their sentences pursuant to 28 U.S.C. § 2255. For a court to vacate, set aside, or correct a sentence under § 2255, a petitioner must prove one of the following occurred: (1) a sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). The district court need not hold an evidentiary hearing on a § 2255 motion if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see United States v. Thomas*, 627 F.3d 534, 539-40 (4th Cir. 2010). The determination of whether to hold an evidentiary hearing ordinarily is left to the sound discretion of the district court. *Raines v. United States*, 423 F.2d 526, 530 (4th Cir. 1970). "Letters, exhibits and other evidence not previously a part of the record may be considered by the court as part of the record in determining the necessity for an evidentiary hearing under Section 2255." *Id.* at 531. "Affidavits also may be submitted and considered as part of the record." Rule 7, Rules Governing § 2255 Proceedings.

"When the district court denies § 2255 relief without an evidentiary hearing, the nature of the court's ruling is akin to a ruling on a motion for summary judgment." *United States v. Poindexter*, 492

---

[2] Filing date under *Houston v. Lack*, 487 U.S. 266 (1988).

F.3d 263, 267 (4th Cir. 2007). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see generally* Rule 12 of the Rules Governing Section 2255 Cases ("The Federal Rules of Civil Procedure . . . , to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . . ; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). "The evidence must be viewed in the light most favorable to the non-moving party, with all reasonable inferences drawn in that party's favor. The court therefore cannot weigh the evidence or make credibility determinations." *Reyazuddin v. Montgomery Cty., Md.*, 789 F.3d 407, 413 (4th Cir. 2015) (internal citation and quotation marks omitted).

"The writ of habeas corpus and its federal counterpart, 28 U.S.C. § 2255, will not be allowed to do service for an appeal. For this reason, nonconstitutional claims that could have been raised on appeal, but were not, may not be asserted in collateral proceedings." *Stone v. Powell*, 428 U.S. 465, 477 n.10 (1976) (internal quotation marks and citation omitted). "Even those nonconstitutional claims that could not have been asserted on direct appeal can be raised on collateral review only if the alleged error constituted a fundamental defect which inherently results in a complete miscarriage of justice[.]" *Id.* (internal quotation marks omitted).

## **Discussion**

Petitioner raises two grounds for relief in his § 2255 motion. ECF No. 308. Petitioner first alleges plea counsel was ineffective in neglecting to argue the Government failed to meet its obligation

4

to prove Petitioner knew the type and quantity of drugs he possessed. *Id.* Petitioner next advances plea counsel was ineffective for not filing an objection to the PSR seeking a decrease in the offense level based upon Petitioner's minimal participation in the criminal activity. *Id.* In addition to these two grounds, in his response to the Government's motion, Petitioner challenges the facts underlying this case, and suggests plea counsel failed to pursue several issues. ECF No. 327-1. Specifically, Petitioner argues he never admitted to meeting with two unidentified males who gave he and Arguello a bucket containing drugs, never spoke with Arguello about drugs, and was never paid for transporting drugs. *Id.* Petitioner indicates plea counsel told him the traffic stop in which he was arrested was an illegal stop and said police told her they had location monitoring on the car and thus would not have needed to stop or search the car. *Id.*

Claims of ineffective assistance of counsel must be reviewed under the two-part test enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984). First, a petitioner must show counsel's performance was deficient and fell below an objective standard of reasonableness. *Id.* at 687–88. Second, the petitioner must show prejudice, meaning "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

"The performance prong is satisfied when counsel provides reasonably effective assistance, including demonstrating legal competence, doing relevant research, and raising important issues." *United States v. Carthorne*, 878 F.3d 458, 465 (4th Cir. 2017). "Competent performance is evaluated by reference to the reasonableness of counsel's decisions under 'professional norms.'" *Id.* (quoting *Padilla v. Kentucky*, 559 U.S. 356, 366–67 (2010)). "Counsel must demonstrate a basic level of competence regarding the proper legal analysis governing each stage of a case." *Id.* at 466. "'An

5

attorney's failure to object to an error in the court's guidelines calculation that results in a longer sentence for the defendant can demonstrate constitutionally ineffective performance.'" *Id.* at 467 (quoting *Ramirez v. United States*, 799 F.3d 845, 855 (7th Cir. 2015)). "Of course, counsel may have a strategic reason for not raising a particular objection but, in the absence of such a reason, the failure to raise an objection that would be apparent from a thorough investigation is a significant factor in evaluating counsel's performance." *Id.*

"Even though sentencing does not concern the defendant's guilt or innocence, ineffective assistance of counsel during a sentencing hearing can result in *Strickland* prejudice because any amount of additional jail time has Sixth Amendment significance." *Lafler v. Cooper*, 566 U.S. 156, 165 (2012) (internal quotation marks and brackets omitted). "A 'reasonable probability' that the outcome of a sentencing would change is enough to show prejudice." *Carthorne*, 878 F.3d at 470 (citing *United States v. Rangel*, 781 F.3d 736, 746 (4th Cir. 2015)).

Ground One

In Ground One, Petitioner avers plea counsel was ineffective for failing to argue the Government did not meet its burden to show Petitioner knew the type and quantity of drugs involved in this case. That argument is without merit.[3] Count one of the superseding indictment charged Petitioner with conspiracy to possess with intent to distribute and to distribute a quantity of heroin and a quantity of cocaine. ECF No. 161. In order to meet its burden of proof, the Government had to prove: 1) the conspiracy was willfully formed and existed at about the alleged time; 2) Petitioner willfully joined the conspiracy; 3) Petitioner possessed with intent to distribute or distributed a quantity

---

[3] The Court notes Petitioner may have abandoned this ground in his response to the Government's motion. ECF No. 327 at 3. ("The lawyer's ineffectiveness is only argued with [respect to] the minor or minimal role reduction, because the rest of her performance was really good."). In an abundance of caution, however, the Court will address this ground on the merits.

6

of controlled substance(s) equal to or in excess of the amount charged in the superseding indictment, agreed to assist in possession with intent to distribute or distribution of a quantity of controlled substance(s) equal to or in excess of the amount charged, or possession with intent to distribute or distribution of such quantities of controlled substance(s) was reasonably foreseeable to the Petitioner and within the scope of his agreement and understanding. ECF No. 233 ¶ 1. At his plea hearing, Petitioner admitted to each of the necessary elements of his offense. ECF No. 321, Plea Tr., at 21.

At Petitioner's plea hearing, Drug Enforcement Agent Ronald Kopek testified regarding the factual basis underlying the charge against Petitioner. *Id.* at 28-29. According to Kopek, in 2015, intercepted communications between Petitioner, co-conspirators and others led agents to believe Petitioner and co-conspirators would be traveling to Atlanta to obtain illegal narcotics. *Id.* at 28. Following surveillance, a traffic stop was conducted on a vehicle returning from Atlanta. *Id.* at 28-29. Law enforcement conducted a legal search of the vehicle and located a .45 caliber handgun, approximately 1.5 kilograms of heroin, and approximately 25 kilograms of cocaine.[4] *Id.* at 29. In a post-*Miranda* statement, Petitioner admitted the substances found in the vehicle were cocaine and heroin and claimed possession of the handgun. *Id.* Lab tests confirmed the substances as heroin and cocaine. *Id.*

Following Kopek's testimony, the Court asked Petitioner if he agreed with the agent's summary of what he did. *Id.* Petitioner replied, "Yes, Your Honor." *Id.* The Court then asked Petitioner if he was guilty of the offense. *Id.* Petitioner again responded, "Yes, Your Honor." *Id.*

Petitioner's instant claim plea counsel was ineffective for not arguing the Government failed

---

[4] As noted in the PSR, the actual amount of cocaine involved was 459 grams.

to prove Petitioner knew the amount and type of drugs he possessed thus contradicts his sworn statements at the plea colloquy. "[A] defendant's solemn declarations in open court affirming [a plea] agreement . . . 'carry a strong presumption of verity.'" *United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005). Courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy. *United States v. Bowman*, 348 F.3d 408, 417 (4th Cir. 2003). In the absence of extraordinary circumstances, an allegation in a § 2255 motion that directly contradicts the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always "palpably incredible" and "patently frivolous or false." *See Crawford v. United States*, 519 F.2d 347, 350 (4th Cir. 1975), *overruled on other grounds by United States v. Whitley*, 759 F.2d 327 (4th Cir 1985), (holding that "the district court was not required to conduct an evidentiary exploration of the truth of an allegation in a § 2255 motion which amounted to no more than a bare contradiction of statements made by [the petitioner] when he pleaded guilty"); *Lasiter v. Thomas*, 89 F.3d 699, 703 (10th Cir. 1996) ("[The petitioner] [i]s bound by his solemn declarations in open court and his unsubstantiated efforts to refute that record [a]re not sufficient to require a hearing. This case does not involve the most extraordinary circumstances.") (internal quotation marks omitted); *Ouelette v. United States*, 862 F.2d 371, 377-78 (1st Cir. 1988) (holding that an evidentiary hearing is not required when a petitioner's uncorroborated allegations are directly contradicted by his testimony at the time of his plea colloquy); *see also Bowman*, 348 F.3d at 417 ("[W]hen a defendant says he lied at the Rule 11 colloquy, he bears a heavy burden in seeking to nullify the process."). "Thus, in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements."

8

*Lemaster*, 403 F.3d at 221-22.

Here, the Government met its burden to show a conspiracy existed, Petitioner joined the conspiracy, and he knew a quantity of heroin and a quantity of cocaine were inside the vehicle. Petitioner agreed under oath with the Government's summary of what he did, and agreed he was guilty of the offense charged. Petitioner may not challenge the statements he made under oath at the plea colloquy with his instant claim, absent exceptional circumstances not present here.

Further, to the extent Petitioner advances plea counsel was ineffective for failing to argue the Government had to prove Petitioner knew the exact amount of drugs in the car for sentencing purposes, that argument likewise fails. Under the United States Sentencing Guidelines, in conspiracy cases, the base offense level is determined based upon "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant." U.S.S.G. § 1B1.3(a)(1)(A.). "In cases of jointly undertaken criminal activity involving controlled substances, the Guidelines hold a defendant 'accountable for all quantities of contraband with which he was directly involved and . . . all reasonably foreseeable quantities of contraband that were within the scope of criminal activity that he jointly undertook.'" *United States v. Bell*, 667 F.3d 431, 441 (4th Cir. 2011) (quoting USSG § 1B1.3 cmt. n. 2).

Here, as detailed in the PSR, and as explained by Petitioner in a post-*Miranda* interview with law enforcement, Petitioner knew Arguello was involved in the distribution of illegal drugs. Petitioner traveled to Atlanta with Arguello in return for which Petitioner was to be paid $2,000. In Atlanta, Petitioner and Arguello met with two males who provided them with two buckets, one of which contained illegal drugs. Further, as detailed above, Petitioner admitted he knew the substances involved were cocaine and heroin. Petitioner was thus properly held accountable for over a kilogram of heroin

9

and nearly 500 grams of cocaine, for a total of 1,578.4 kilograms of marijuana equivalency drug weight.

Petitioner also agreed in his plea agreement to a stipulated base offense level of 30, based upon a marijuana equivalency drug weight of between 1,000 and 3,000 kilograms of marijuana. ECF No. 233 ¶ 6. At the plea colloquy, the Court reviewed this stipulation with Petitioner, who testified he understood the plea agreement, and had signed it freely and voluntarily. Plea Tr. at 24-26. The PSR calculated Petitioner's base offense level as 30, based upon a marijuana equivalent drug weight of 1,578.4 kilograms of marijuana. Thus, Petitioner's base offense level was the stipulated base offense level. Accordingly, plea counsel was not ineffective for not arguing the Government improperly failed to prove for sentencing purposes Petitioner knew exactly what amount of drugs were in the vehicle. Ground one is thus due to be dismissed.

Ground Two

In ground two, Petitioner alleges plea counsel was ineffective for failing to argue Petitioner should be awarded credit for his minimal role. This argument fails as Petitioner is unable to show either deficient performance or prejudice under *Strickland*.

The Sentencing Guidelines allow for a reduction in offense level where a defendant played a minor or minimal role in the criminal activity. U.S.S.G. § 3B1.2. "But a mitigating-role reduction 'is not automatically awarded to the least culpable conspirator.'" *United States v. Guerrero-Deleon*, 713 Fed. App'x. 163, 166 (4th Cir. 2017) (quoting *United States v. Hassan*, 742 F.3d 104, 150 (4th Cir. 2014)). The reduction is "for a defendant who plays a part in committing the offense that makes him substantially less culpable than the average participant in the criminal activity." U.S.S.G. § 3B1.2 cmt. n. 3(A). Whether to grant such a reduction is based upon the "totality of the circumstances and involves a determination that is heavily dependent upon the facts of the particular case." U.S.S.G. § 3B1.2 cmt.

10

n. 3(C).

Plea counsel attests her did not argue for a reduction in offense level based upon Petitioner playing a minor or minimal role in the offense because she did not believe the facts of Petitioner's case warranted such an adjustment. ECF No. 315 at 1-2. Plea counsel believed the reduction was unwarranted because: (1) Petitioner admitted to law enforcement he went to Atlanta with Arguello to pick up drugs; (2) Petitioner knew Arguello was a drug dealer; (3) Petitioner knew the bucket contained drugs; (4) Petitioner was paid $2,000 for helping transport the drugs; (5) Petitioner stated the firearm involved was his; (6) a co-defendant identified Petitioner as Arguello's partner in the drug trade; and (7) recorded phone calls between Petitioner and Arguello indicated multiple conversations about drug dealing. *Id.* at 2. Given those considerations, the Court holds plea counsel's failure to argue for a reduction based upon Petitioner's role in the offense was a reasonable decision, and falls within the "wide range of reasonable professional assistance" considered acceptable under *Strickland*, 466 U.S. at 689. Petitioner is thus unable to show plea counsel's performance was deficient under the first prong of *Strickland*.

Assuming *arguendo* Petitioner could show plea counsel's decision not to argue for a mitigating role reduction was ineffective performance, he would nonetheless be unable to show prejudice resulting from that decision. Petitioner's argument in favor of his minimal or minor role in the offense seems to be that he was merely the car driver transporting the drugs. ECF No. 308-1 at 19-21. The Court of Appeals for the Fourth Circuit, however, has on multiple occasions affirmed the denial of a mitigating role reduction for drug couriers where the facts of the case do not support such a reduction. *United States v. Pratt*, 239 F.3d 640, 646 (4th Cir. 2001); *United States v. White*, 875 F.2d 427, 433-34 (4th Cir. 1989); *Guerrero-Deleon*, 713 Fed. App'x. at 166. Petitioner is thus unable to show that but for

plea counsel's decision not to argue for the role reduction, it is more likely than not his sentence would have been different. Accordingly, Petitioner fails to meet the second prong of *Strickland*. For those reasons, ground two is due to be dismissed

Remaining Arguments

Petitioner's attempt to challenge the facts underlying this case - that he never admitted to meeting with two males who gave he and Arguello a bucket of drugs, never spoke with Arguello about drugs, and was never paid for transporting drugs - fails because he procedurally defaulted these claims. Where a defendant could have raised a claim on direct appeal but fails to do so, the claim may only be raised in a federal habeas proceeding if the defendant can show both cause for and actual prejudice from the default, see *Murray v. Carrier*, 477 U.S. 478, 485 (1986), or actual innocence, *see Smith v. Murray*, 477 U.S. 527, 537 (1986). Petitioner has failed to show cause and actual prejudice or actual innocence of the charge to which he pled guilty.

Regardless, his claims lack merit, and as to Petitioner's claim plea counsel failed to pursue certain issues, his argument runs contrary to his statements at the plea colloquy. At the plea hearing, Petitioner testified under oath plea counsel had done everything she should or could have done for Petitioner, had not failed to do anything Petitioner requested, Petitioner was fully satisfied with plea counsel's representation of him, and he had no complaints about plea counsel. Plea Tr. at 7-9. As analyzed above, barring exceptional circumstances not present here, Petitioner may not now seek to argue he was dissatisfied with counsel's performance when he swore otherwise at the plea hearing. For those reasons, Petitioner's remaining arguments are due to be dismissed.

For the reasons stated above, the Court will dismiss Petitioner's § 2255 motion and grant the Government's motion to dismiss/motion for summary judgment.

## Certificate of Appealability

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484–85. In this case, the Court concludes that Petitioner has failed to make the requisite showing of "the denial of a constitutional right."

## Conclusion

For the foregoing reasons, the Court **GRANTS** Respondent's motion to dismiss/motion for summary judgment, ECF No. 324, and **DENIES AND DISMISSES WITH PREJUDICE** Petitioner's § 2255 motion, ECF No. 308. The Court **DENIES** a certificate of appealability at this time because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

Florence, South Carolina  s/ R. Bryan Harwell
May 6, 2019  R. Bryan Harwell
 Chief United States District Judge